IN THE UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF MARYLAND
(Baltimore Division)

| | | |
|---|---|---|
| In re: | * | |
| **PAUL WYE NOCHUMOWITZ** | * | Case No. 05-36870-SD<br>(Chapter 7) |
| Debtor | * | |

\* \* \* \* \* \* \* \* \* \* \* \* \*

**TRUSTEE AND CLAIMANTS' JOINT MOTION TO EXTEND TIME
(I) TO FILE COMPLAINTS OBJECTING TO DISCHARGE AND
(II) TO DETERMINE DISCHARGEABILITY OF DEBTS**

George W. Liebmann, the Chapter 7 Trustee (the "Trustee") and Antoine Ward, Antonio Rogers, Dominic Satterfield, Goode, Irene Lemon, Oba Torbit, Qundra Harris, Richard Lawson, Roger Burrell, Terry Dallas and Tina Glover (collectively, the "Claimants") move, pursuant to Bankruptcy Rule 4004, for an order extending the time in which to file complaints objecting to Paul Wye Nochumowitz's discharge and extending the time to determine dischargeability of debts, and in support thereof, state:

**BACKGROUND**

1. On November 12, 2005 (the "Petition Date"), Paul Wye Nochumowitz (the "Debtor") filed a voluntary petition for relief under Chapter 7 of the Bankruptcy Code.

2. George W. Liebmann was appointed the Trustee for the Debtor's Chapter 7 bankruptcy estate.

3. The deadline for filing a complaint objecting to Debtor's discharge or to determine dischargeability of debts is scheduled to expire on January 2, 2006.[1]

---

[1] The Court was closed on January 2, 2006 in recognition of a legal holiday. Thus, under Bankruptcy Rule 9006(a), the deadline for filing a complaint objecting to discharge of the Debtor or to determine dischargeability of debts expires on January 3, 2006.

4. The first Section 341 meeting of creditors was held on November 3, 2005. Subsequently, the Trustee designated the Debtor's bankruptcy case an asset case.

5. On his Schedules of Assets and Liabilities (the "Schedules"), the Debtor lists liabilities in the amount of $1,714,000.00 which does not include the unknown liabilities of the Claimants. On his Schedules, the Debtor also lists assets in the amount of $2,831,178.23.[2]

## THE CLAIMANTS' CLAIM

6. Prior to the Petition Date, the Debtor owned numerous parcels of real property, which he rented to various individuals (the "Rental Properties"). Upon information and belief, the Debtor formed various entities to hold the Rental Properties including, but not limited to, Village Real Estate, LLC, PWN Properties, LLC, FNPN, LLC, PNMR, LLC and MAP Mortgage, LLC.[3]

7. The Claimants were tenants in certain of the Rental Properties. While occupying the Rental Properties, they were exposed to lead paint that caused them significant harm and injury. The Claimants have filed suit against the Debtor and are listed as creditors on Schedule F of the Debtor's Schedules. Certain of the Claimants' claims have been reduced to a judgment and other claims are still pending.

8. Upon information and belief, the Debtor has transferred the Rental Properties and his interests in the entities formed to hold those Rental Properties to his wife, relatives and/or third parties. Moreover, the Debtor has attempted to place the proceeds from the sale of the

---

[2] Included among the Debtor's assets are residences located in Baltimore, Maryland and Miami, Florida which are valued in excess of $1.5 million and in which there appears to be substantial equity.

[3] According to the Debtor's Schedules, the total current market value of the Debtor's interest in those entities is $9,000.00. Upon information and belief, the Debtor transferred or sold all of the Rental Properties and his interests in the entities created to hold those Rental Properties hold no property.

2

Rental Properties and/or his interests in the entities formed to hold those Rental Properties out of the reach of creditors.

9. As of the Petition Date, despite previously owning numerous Rental Properties or holding ownership interests in several entities that held the Rental Properties, the Debtor claims to have virtually no assets beyond the equity in two residences and monies held in a few retirement accounts. Additionally, the Debtor claims that he receives a minimal salary from working at a bail bonds company.[4]

## RELIEF REQUESTED

10. Pursuant to Bankruptcy Rule 4004(b), "on motion of any party in interest, after hearing on notice, the Court may for cause extend the time to file a complaint objecting to discharge."

11. Cause exists to extend the deadline to file a complaint objecting to discharge because the Trustee and Claimants believe that the Debtor has engaged in a scheme to fraudulently convey assets out of the reach of the Debtor's creditors. *See In re Kellog*, 41 B.R. 836 (Bankr. W.D. Okla. 1984) (Extension of time "for cause" under Bankruptcy Rules 4004(b) and 4007(c) should be granted liberally); *In re Floyd*, 37 B.R. 890 (Bankr. N.D. Tex. 1984) (Creditor who filed timely application for extension to file complaint objecting to discharge of the debtor, is entitled to such extension where creditor testifies that the reason was that it intended to file complete objection to discharge but that it needed additional time to undertake discovery and clarify its position any objections it might have to Debtor's discharge).

---

[4] According to the Debtor's Statement of Financial Affairs, the Debtor received a salary of $21,500 in 2004 from his employment with a bail bonds company, a company which his family members own and which the Debtor apparently operates. One has to question how the Debtor satisfies monthly expenses in excess of $6,000 when his reported monthly take home pay is only $1,167.26.

3

12. The Trustee and Claimants seek an extension of the dischargeability deadlines in order to be afforded an opportunity to investigate the Debtor's conveyance of his interest in, among other things, the Rental Properties and his ownership interests in the entities that held the Rental Properties to his wife, relatives and/or other third parties as well as the Debtor's pre-petition disposition of other assets.

13. Accordingly, in the coming days, the Claimants intend to seek authorization from this Court to take the 2004 Examination of the Debtor in order to determine, among other things, the (i) extent and validity of the Debtor's assets and liabilities, (ii) the accuracy of the Debtor's Schedules and (iii) the Debtor's current income and financial condition.

14. Cause exists warranting the extension of the deadline to file complaints objecting to discharge of the Debtor and to determine dischargeability of debts, given the uncertainty surrounding the Debtor's pre-petition activities and the Debtor's claimed assets. At a minimum, an extension of the dischargeability deadlines will allow the Trustee and the Claimants sufficient time to conduct discovery in order to clarify their respective positions on any objections they may have to the Debtor's discharge. Accordingly, the Trustee and the Claimants request that this Court extend the time for filing a complaints objecting the Debtor's discharge and for determining the dischargeability of debts for an additional ninety (90) days through and including April 2, 2006.

15. The Debtor will suffer no prejudice if the relief requested herein is granted.

WHEREFORE, for the foregoing reasons, the Trustee and the Claimants respectfully request that this Court enter an order:

A. Granting the Trustee and Claimants' Joint Motion to Extend Time to (I) File Complaints Objecting to Discharge and (II) to Determine Dischargeability of Debts;

  B. Extending the time for filing a complaints objecting to discharge for an additional ninety (90) days through and including April 2, 2006 for the Chapter 7 Trustee, the Claimants and other creditors;

  C. Extending the time to determine dischargeability of debts for an additional ninety (90) days through and including April 2, 2006 for the Chapter 7 Trustee, the Claimants and other creditors; and

  C. For such other and further relief as is just and equitable.


| /s/ George W. Liebmann | /s/ Scott W. Foley |
|---|---|
| George W. Liebmann | Scott W. Foley, Bar No. 25963 |
| Liebmann & Shively | Shapiro Sher Guinot & Sandler |
| 8 West Hamilton Street | 36 South Charles Street, Suite 2000 |
| Baltimore, MD 21201 | Baltimore, Maryland 21201-3147 |
| | (410) 385-0202 |
| *Chapter 7 Trustee* | *Counsel to the Claimants* |

**CERTIFICATE OF SERVICE**

I HEREBY CERTIFY that on this 3rd day of January, 2006, a copy of the foregoing Trustee and Claimants' Joint Motion (I) To Extend Time to File Complaints Objecting to Discharge and (II) To Determine Dischargeability of Debts was served on the parties listed below by first-class mail, unless said party is a registered CM/ECF participant and the Notice of Electronic Filing indicates that Notice was electronically mailed to said party.

| | |
|---|---|
| James Vidmar, Esquire | George W. Liebmann |
| Jennifer D. Larkin, Esquire | Liebmann & Shively |
| Linowes & Blocher LLP | 8 West Hamilton Street |
| 7200 Wisconsin Avenue | Baltimore, MD 21201 |
| Suite 800 | |
| Bethesda, MD 20814-4842 | |

/s/ Scott W. Foley
Scott W. Foley