IN THE UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF MARYLAND
(Baltimore Division)

In re:                                            *

PAUL WYE NOCHUMOWITZ,            *         Case No. 05-36870
                                                             (Chapter 7)
Debtor.                             *

\*   \*   \*   \*   \*   \*   \*   \*   \*   \*   \*   \*   \*   \*

**OPPOSITION TO JOINT MOTION TO EXTEND TIME
(I)TO FILE COMPLAINTS OBJECTING TO DISCHARGE
AND (II) TO DETERMINE DISCHARGEABILITY OF DEBTS**

Paul Wye Nochumowitz (the "Debtor"), by counsel, files this Opposition to the Trustee and Claimants' Joint Motion to Extend Time (I) to File Complaints Objecting to Discharge and (II) to Determine Dischargeability of Debts (the "Motion"), pursuant to Bankruptcy Rule 4004, and states:

1. On October 12, 2005 (the "Petition Date"), the Debtor filed a voluntary petition for relief under chapter 7 of the bankruptcy code.

2. The Notice of Chapter 7 Bankruptcy Case, Meeting of Creditors, & Deadlines issued by this Court on October 13, 2005, established a January 2, 2006 deadline to file Complaints Objecting to Discharge of the Debtor or to Determine Dischargeability of Certain Debts. Specifically, the notice provides: "Papers must be <u>received</u> by the bankruptcy clerk's office by the following deadlines" (referring to January 2, 2006). (Emphasis in original) Nothing was received by the clerk's office on January 2, 2006.

3. On January 3, 2006, after the deadline for filing complaints had passed, the Movants filed the Motion, seeking an extension of that deadline. The Movants do not cite

any authority to support their claim that Rule 9006(a) should apply to extend the sixty-day deadline in these circumstances.

      4.      Under Bankruptcy Rule 4004(c), the Court may, for cause, extend the time to file a complaint objecting to discharge on motion of any party in interest and after hearing on notice. However, the Rule explicitly requires that such "motion shall be filed before the time has expired." In this case, the Motion was filed after the noticed deadline of January 2, 2006 and without an adequate explanation for the untimeliness.

      5.      If the Court chooses to consider the merits of the Motion in spite of the late filing, the Motion should be denied because the Movants cannot begin to establish cause for granting an extension of the deadline.

      6.      The discharge is the most important element of the debtor's fresh start. H.R. Rep. No. 95-595, at 128 (1977); see Local Loan Co. v. Hunt, 292 U.S. 234, 244, 78 L. Ed. 1230, 54 S. Ct. 695 (1934). Accordingly, the debtor has an interest in the prompt resolution of discharge issues, and the law sets a tight time frame for discharge objections. In re Davis, 195 B.R. 422, 424 (Bankr. W.D. Mo. 1996). Any exception to that timeframe should only be given for good cause.

      7.      Upon timely motion, FED. R. BANKR. P. 4004(b) authorizes the Court to extend the objection deadline for "cause." "Cause" is not defined, and the determination is committed to the court's discretion. In re Farhid, 171 B.R. 94, 96 (N.D. Cal. 1994); In re Nevius, 269 B.R. 209, 211 (Bankr. N.D. Ind. 2001); In re James, 187 B.R. 395, 397 (Bankr. N.D. Ga. 1995). "Cause" is narrowly construed to promote the prompt resolution of the case and the implementation of the debtor's "fresh start". Greene v. Dombroff (In re Dombroff), 192 B.R. 615, 621 (S.D.N.Y. 1996); In re Weinstein, 234 B.R. 862, 866 (Bankr. E.D.N.Y. 1999). The

factors that inform the court's discretion include (1) whether the creditor had sufficient notice of the deadline and the information to file an objection, see Santana Olmo v. Quinones Rivera (In re Quinones Rivera), 184 B.R. 178, 183(D.P.R. 1995), (2) the complexity of the case, see In re Leary, 185 B.R. 405, 406 (Bankr. D. Mass. 1995), (3) whether the creditor exercised diligence, see In re Farhid, 171 B.R. at 97; In re Grillo, 212 B.R. at 747; In re Mendelsohn, 202 B.R. 831, 832 (Bankr. S.D.N.Y. 1996), (4) whether the debtor refused in bad faith to cooperate with the creditor, see In re Benedict, 90 F.3d 50, 55 (2d Cir. 1995), and (5) the possibility that proceedings pending in another forum will result in collateral estoppel of the relevant issues.  See In re Weinstein, 234 B.R. at 866.

8.  Here, Movants have failed to establish "cause" that would justify an extension of the deadline.  While the Motion asserts a need for additional time to investigate the Debtor's pre-petition disposition of assets, the Movants have not made any attempt to justify their delay in conducting their investigation.  Indeed, they could not do so, as they failed even to begin their investigation within the sixty-day deadline set by this Court.  Cause to extend the time to object to discharge does not exist when the parties seeking the extension fail to pursue discovery diligently or request a Rule 2004 examination within the original timeframe of the case.  In re Grillo, 212 B.R. 744, 747 (Bankr. E.D.N.Y. 1997).

9.  At the outset, Trustee and Claimants had actual knowledge of the objection deadline.  Both attended the 341 meeting.  Notwithstanding their knowledge of the case, and their evident interest in these proceedings, Movants failed to take any steps during the ensuing sixty days to acquire the information they now say they need more time to get.[1]

---

[1] Trustee informally requested certain documents and certain funds from Debtor.  The documents were provided by Debtor by letter dated November 22, 2005.  Certain additional documents and a check in the amount of $7,620 were provided to Trustee by letter dated December 12, 2005.

3

10. Movants failed to seek a Rule 2004 order to examine the debtor or obtain documents. Knowledge of the deadline, coupled with the failure to diligently seek discovery, is, absent unusual circumstances, fatal to an extension motion. See e.g., In re Farhid, 171 B.R. at 97 (no cause where creditor failed to attend creditors conference or seek the necessary information from the debtor); 260 B.R. 41, 45 (Bankr. N.D. Fla. 2001) (no cause where creditor failed to attend Section 341(a) meeting or take any steps during the 110 days between the notice of the commencement of the case and the objection deadline, and filed the extension motion on the date of the deadline); In re Grillo, 212 B.R. at 747 (no cause where, except for filing a Rule 2004 motion five days before the deadline, creditor sat on its rights and made no effort to obtain information); In re Dekelata, 149 B.R. 115, 117 (Bankr. E.D. Mich. 1993) (no cause where creditor sought Rule 2004 examination only eleven days prior to expiration of the deadline.)

WHEREFORE, the Debtor requests that this Court enter an Order denying the Trustee and Claimants' Joint Motion to Extend Time (I) to File Complaints Objecting to Discharge and (II) to Determine Dischargeability of Debts, and granting such other and further relief as is appropriate and just.

Dated: January 4, 2005                LINOWES AND BLOCHER LLP

/s/ James A. Vidmar, Jr.
James A. Vidmar, Jr.
Fed. No. 0271
7200 Wisconsin Ave., Suite 800
Bethesda, Maryland 20814
(301) 961-5205

*Counsel for the Debtor*

4

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that on this 4[h] day of January, 2006, I caused true and correct copies of the foregoing Opposition to the Trustee and Claimants' Joint Motion to Extend Time (I) to File Complaints Objecting to Discharge and (II) to Determine Dischargeability of Debts to be sent via first class, United States mail, postage prepaid to following party:

George W. Liebmann, Chapter 7 Trustee
Liebmann & Shively, P.A.
8 West Hamilton Street
Baltimore, Maryland 21201

Scott W. Foley, Esquire
Shapiro Sher Guinot & Sandler
36 South Charles St., 20th Floor
Baltimore, MD 21201-3147

                                        */s/ James A. Vidmar, Jr.*
                                        James A. Vidmar, Jr.

L&B 550543v1