IN THE UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF MARYLAND
(Baltimore Division)

| | | |
|---|---|---|
| **In re:** | * | |
| **PAUL WYE NOCHUMOWITZ** | * | **Case No. 05-36870-SD** |
| | | **(Chapter 7)** |
| Debtor | * | |

\* \* \* \* \* \* \* \* \* \* \* \* \*

**REPLY TO RESPONSE IN OPPOSITION TO CLAIMANTS'
MOTION TO COMPEL (i) DEBTOR TO PRODUCE DOCUMENTS,
AND (ii) APPEAR FOR 2004 EXAMINATION, AND (iii) MOTION FOR SANCTIONS**

Antoine Ward, Antonio Rogers, Dominic Satterfield, Goode, Irene Lemon, Oba Torbit, Qundra Harris, Richard Lawson, Roger Burrell, Terry Dallas and Tina Glover (collectively, the "Claimants") file this reply to the Response to the Claimants' Motion to Compel the Debtor the Debtor to Produce Documents and (ii) Appear for 2004 Examination, and (iii) Motion for Sanctions (the "Response").

**Introduction**

In an attempt to avoid a Court ordered Bankruptcy Rule 2004 examination, Paul Wye Nochumowitz (the "Debtor") has failed to produce documents to the Claimants and refused to submit to an examination. As a result of the Debtor's delay tactics, the Claimants have spent considerable time and effort seeking to obtain discovery which the Court has ordered they are authorized to conduct. The Claimants were forced to file a motion seeking to (i) compel the Debtor to produce documents and appear for an examination and (ii) for an award of sanctions (the "Motion to Compel") because the Debtor has refused to comply with the Court's prior orders.

**The Debtor's Delay Tactics**

1.  Because the Debtor engaged in a scheme to conceal his assets from creditors, the

Claimants requested permission to conduct the Debtor's Bankruptcy Rule 2004 examination, which the Court approved.

2.      In an effort to avoid an examination and prevent the Claimants from investigating his concealment of assets, the Debtor filed a motion seeking to quash the examination. This Court denied the Debtor's attempt to quash the examination by order dated February 28, 2006. On that same date, the Court entered an order (the "Order") requiring the Debtor to submit to an examination and produce documents responsive to the Claimants' document request.

3.      Rather than submitting to an examination and producing documents, the Debtor filed a motion seeking reconsideration of the Order. Subsequently, the Court modified the Order, limiting the document production to three years prior to the petition date.

4.      Although the Claimants sought a consensual date for the examination the Debtor, in an effort to further delay matters, he failed and refused to provide dates forcing the Claimants to file a notice scheduling the examination for April 18, 2006 and directing the Debtor to produce documents responsive to the Claimants' document request in advance thereof.

5.      In a further attempt to frustrate the discovery process, the Debtor failed to produce documents and failed to appear for the examination. In fact, on the day before the examination date, the Debtor failed a motion for protective order, which was denied. Although the Debtor did not obtain a ruling from this Court prior to the examination date, he failed to appear.

### The Motion to Compel Should be Granted

6.      In the Response, the Debtor claims that he produced all of the documents responsive to the Claimants' documents request. This statement is false. The Debtor, who has and/or had and interest in countless companies and properties, produced less than a bankers' box of documents. It is

2

inconceivable that the documents concerning the Debtor's financial condition and dealings that are responsive to the Claimants' document request total less than one banker's box. It is clear from even a cursory review of the Debtor's document production that it is incomplete.

7.  Despite the Debtor's concerted efforts to thwart the Claimants' ability to take discovery, the Debtor claims in his Response that Claimants have "without basis" failed to pursue discovery. For this reason, the Debtor contends that "the time for opposing discharge should be deemed to have run" and that the Motion to Compel should be denied. The Debtor's request is absurd. As set forth above, he is responsible for any and all delays.

8.  It is obvious from the Debtor's actions that he will stop at nothing to avoid having to provide the Claimants with documents and submit to an examination.

9.  Justice requires that the Debtor be compelled to produce all of the documents in his possession and control which are responsive to the Claimants' document request and submit to an examination at a date and time selected by the Claimants. Moreover, the Claimants should be reimbursed reasonable attorney's fees for preparing for and attending an examination including the costs of the transcript and court reporter fee and for preparing the Motion to Compel and this Motion.

WHEREFORE, the Claimants respectfully request the following relief:

(A)  That the Debtor be compelled to produce all of the documents responsive to the Claimants' document requests within three (3) business days from the date of an order approving this Motion;

(B)  That the Debtor be compelled to attend a Bankruptcy Rule 2004 Examination on a date and at a time selected by the Claimants;

    (C)    That the Debtor be sanctioned and directed to pay the Claimants' reasonable attorney's fees associated with preparing for and attending the Bankruptcy Rule 2004 examination on April 18, 2006 including the costs of the transcript and court reporter fee, and for preparing the Motion to Compel and this Motion; and

    (D)    That the Claimants be granted such other relief as is just and equitable.

/s/ Richard M. Goldberg
Richard M. Goldberg, Bar No. 7994
Shapiro Sher Guinot & Sandler
36 S. Charles St., Ste. 2000
Baltimore, MD 21201-3147
(410) 385-0202

*Counsel to the Claimants*

F:\LIT\SWFOLEY\WPDATA\Kerpelman\Nochumowitz\Request for Order to Compel.doc

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that on this 3rd day of May, 2006, a copy of the foregoing motion was served on the parties listed below by first-class mail, unless said party is a registered CM/ECF participant and the Notice of Electronic Filing indicates that Notice was electronically mailed to said parties and to the attached mailing matrix.

| | |
|---|---|
| James Vidmar, Esquire | George W. Liebmann |
| Jennifer D. Larkin, Esquire | Liebmann & Shively |
| Linowes & Blocher LLP | 8 West Hamilton Street |
| 7200 Wisconsin Avenue | Baltimore, MD 21201 |
| Suite 800 | |
| Bethesda, MD 20814-4842 | |

/s/ Scott W. Foley
Scott W. Foley

F:\LIT\SWFOLEY\WPDATA\Kerpelman\Nochumowitz\reply.doc;;msw

5